IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Conell Brogdon, ) | Case No.: 5:24-cv-01706-JD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Graham, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 37), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns Respondent Warden Graham's ("Respondent" or "Graham") Motion to Dismiss, or in the alternative, Motion for Summary Judgment (DE 32), seeking to dismiss Petitioner Cornell Brogdon's ("Petitioner" or "Brogdon") habeas petition brought under 28 U.S.C. § 2241 (DE 1).[1]

**A. Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner, currently incarcerated at FCI Williamsburg, filed a habeas petition under 28 U.S.C. § 2241 challenging the BOP's computation of his federal sentence.

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(DE 1 at 2.) He was arrested on June 18, 2014, by New York State authorities on charges of attempted murder. (DE 32-1 at 1.) While still in state custody, he was indicted on federal charges in the Eastern District of New York on July 15, 2015. (DE 32-1 at 1.) He was temporarily transferred to federal custody on July 16, 2015, but remained in primary state custody. (DE 32-1 at 2.)

Petitioner was returned to New York state custody on April 18, 2016, and sentenced by the state court on May 12, 2016, to a 10-year term for attempted murder and a concurrent 5-year term for weapons possession. (DE 32-1 at 2.) On May 17, 2016, he was again transferred to federal custody and, on April 18, 2019, sentenced to 210 months for racketeering conspiracy, with the federal sentence ordered to run concurrently with the undischarged state terms. (DE 32-1 at 2.)

According to a BOP management analyst, the BOP computed the federal sentence to commence on April 18, 2019—the date of imposition—based on Petitioner's continued primary custody by the state. (DE 32-1 at 2.) A designation letter was sent to the USMS designating the New York State Department of Corrections for service of the federal sentence. (DE 32-1 at 2.) Petitioner was returned to state custody on October 1, 2019, completed his state sentence on January 3, 2023, and was then released to the exclusive custody of the USMS. (DE 32-1 at 2.)

Petitioner contends he is entitled to credit against his federal sentence from May 12, 2016, through April 18, 2019, during which he was in federal custody. (DE 1; DE 1-1.)

2

### B. Report and Recommendation

On February 4, 2025, the Magistrate Judge recommended granting Respondent's motion for summary judgment and denying the habeas petition in full. (DE 37.) The Magistrate Judge concluded that Petitioner's federal sentence was properly calculated to commence on April 18, 2019, the date it was imposed, under 18 U.S.C. § 3585(a), and found no abuse of discretion in the BOP's decision not to backdate the commencement through a nunc pro tunc designation, under 18 U.S.C. § 3621(b). (DE 37 at 6.)

The Report further determined that Petitioner is not entitled to credit under 18 U.S.C. § 3585(b) for time spent in state custody before that date because the time had already been credited against his state sentence. The BOP appropriately applied existing credit principles, including limited dual credit exceptions under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), which resulted in Petitioner receiving 694 days of credit. Petitioner's additional reliance on *Setser v. United States*, 566 U.S. 231, 233, 236 (2012), and *United States v. Jenkins*, 256 F. App'x 594 (4th Cir. 2007), was rejected, as those cases address a sentencing court's discretion to impose concurrent or consecutive sentences—not the BOP's authority to award custody credit already applied to a separate sentence. (DE 37.) Petitioner objected to the Report on February 18, 2025. (DE 39.)

## C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D. Petitioner's Objections

Petitioner objects to the Magistrate Judge's conclusion that he is not entitled to federal sentence credit for time served in state custody before the imposition of his federal sentence. (DE 39.) Ostensibly, he argues that the record does not conclusively establish that he is ineligible for such credit and that the Bureau of Prisons (BOP) should have exercised its discretion to designate the state facility as the place of federal confinement, effectively rendering the federal and state sentences fully concurrent.

Petitioner cites *Setser v. United States*, 566 U.S. 231 (2012), and *Dotson v. Kizziah*, 966 F.3d 443 (6th Cir. 2020), to argue that the BOP has authority under 18

4

U.S.C. § 3621 to designate the location of sentence service, and that such a designation would functionally cause the federal sentence to run concurrently with the entirety of his state sentence. (DE 39 at 1.) Apparently, he asserts that this discretionary authority supersedes the limitations of *Willis* and *Kayfez*, which prohibit double credit for time already counted toward a state sentence.

The Court overrules Petitioner's objection. While it is accurate that *Setser* and *Dotson* recognize the BOP's discretion under 18 U.S.C. § 3621(b) to designate a state facility as the place of federal confinement, that authority does not compel the BOP to make such a designation retroactively—particularly where doing so would result in impermissible double credit in violation of 18 U.S.C. § 3585(b).

The Report correctly concluded that Petitioner's federal sentence was properly calculated to begin on April 18, 2019—the date of its imposition—consistent with the statutory framework of § 3585(a). Moreover, the BOP awarded Petitioner 694 days of credit under the limited exceptions permitted by *Willis* and *Kayfez*, reflecting compliance with applicable policy and precedent.

Petitioner's purported reliance on *Setser* and *Dotson* does not alter the analysis. In *Setser*, the Supreme Court addressed a sentencing court's authority—not the BOP's—to order concurrency or consecutiveness, and acknowledged that when the sentencing court is silent, the BOP must implement the sentence under governing statutes. *Dotson*, while recognizing the BOP's designation authority, does not hold that the BOP is required to backdate or manipulate sentence start dates to override

§ 3585(b)'s prohibition on awarding credit for time already credited to another sentence.

Here, Petitioner received credit for the relevant pre-federal sentencing period against his state sentence. As the time from May 12, 2016, to April 18, 2019, was fully credited by the state, the BOP is statutorily barred from duplicating that credit for the federal sentence.

Accordingly, the Court finds no error in the Magistrate Judge's analysis or conclusions. The objection is without merit, and the Report and Recommendation is adopted in full.

**E. Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 37) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 32) is **GRANTED**, and Petitioner's § 2241 Petition (DE 1) is **DISMISSED**. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

*[Signature: Joseph Dawson, III]*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 29, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.